IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD ROBERTS,

    Petitioner,

v.                                                                          Civil Action No. **3:13CV614**

ERIC D. WILSON,

    Respondent.

## REPORT AND RECOMMENDATION

Edward Roberts, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter, "§ 2241 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Roberts challenges the method used by the Bureau of Prisons (hereinafter, "BOP") to award good conduct time credit toward his District of Columbia ("D.C.") sentence and argues that he is entitled to more good conduct credit than the BOP has awarded him. Respondent has moved to dismiss (ECF No. 7) or in the alternative moved for summary judgment (ECF No. 8) on the ground that Roberts's claim lacks merit. Roberts has not responded. For the reasons that follow, it is RECOMMENDED that summary judgment be GRANTED and the § 2241 Petition be DISMISSED because Roberts has received all the credit he is due.

    **A.**     **Standard for Summary Judgment**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Grace Woods-Coleman, a Management Analyst at the Designation and Sentence Computation Center in Grand Prairie, Texas (Mem. Supp. Mot. Summ. J. Ex. 1 ("Woods-Coleman Decl."), ECF No. 9-1); (2) records from Roberts's criminal proceedings in the Superior Court of the District of Columbia (Woods-Coleman Decl. Attachs. 1-2); (3) Roberts's sentence computation records from the D.C. Department of Corrections and the BOP (*id.* Attachs. 3-6,

2

10); and, (4) relevant portions of the Bureau of Prisons Program Statement P5880.33, District of Columbia Sentence Computation Manual (*id.* Attachs. 7-9).[1] Roberts failed to respond, however, he swore to the contents of his § 2241 Petition.

In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment. The Court draws all reasonable inferences in favor of Roberts.

B. **Roberts's Claim**

Roberts argues that the BOP has "[d]en[ied] him good time credits earned and authorized by statute." (§ 2241 Pet. 7.) He contends:

> I have been denied application of at least 408 days of Extra Good Time that I have earned to the minimum term of my sentence of 15 years to life, consecutively imposed. The Federal Bureau of Prisons states that my Extra Good time (408 days) cannot be applied to my minimum term, but can only be deducted from my "release date," which is "life." Yet nowhere in any of the Program Statements or federal regulations cited by the Bureau is this said. Accordingly, under the rule of lenity, these credits should be applied to my term.

(*Id.* at 8.) Because of the convoluted nature of the system governing the calculation of sentences for D.C. Offenders like Roberts, who are housed in the BOP, the Court sets forth the pertinent facts and then separately sets forth the law governing Roberts's sentence computation.[2]

C. **Summary of Pertinent Facts**

On July 10, 1996, the Superior Court of D.C. ("Sentencing Court") sentenced Roberts to a term of fifteen years to life for his conviction of carnal knowledge, a consecutive term of fifteen years to life for his conviction of rape, and a concurrent term of one to three years for

---

[1] BOP Program Statement 5880.33 is available at http://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000 (follow "5880.33" hyperlink) (last visited 5/26/2015).

[2] The Court cites heavily to Woods-Coleman's Declaration and the attachments in its explanation of the law used to compute Roberts's sentence.

3

indecent acts with a minor. (Woods-Coleman Decl. ¶ 6 (citing Attach. 1, at 1).) On March 6, 2003, the Sentencing Court amended the Judgment and Commitment/Probation Order to remove the conviction and sentence for indecent acts with a minor. (*Id.* ¶ 6 (citing Attach. 2, at 1).) Robert's offense date is October 19, 1992. (*Id.* (citing Attach. 6, at 2).)

Because the Sentencing Court ordered that Roberts serve his sentences consecutively, Roberts has an aggregate thirty-year minimum term of incarceration and a maximum term of life. (*Id.* ¶ 7; *see id.* Attach. 4, at 1.)

The BOP has computed Roberts's sentence and has applied 224 days of jail credit, 145 days of D.C. Education Good Time ("DCEGT") credit, and 3600 days of D.C. Institutional Good Time ("DCIGT") credit toward Roberts's thirty-year minimum term. (*Id.* ¶ 8 (citing Attachs. 3-6).) With the above credits applied to his minimum sentence, Roberts's parole eligibility date is August 27, 2015. (*Id.* (citing Attachs. 4, 6).)[3] Roberts also earned 506 days[4] of Extra Good Time while in BOP custody, pursuant to 18 U.S.C. § 4162; however, because his maximum sentence is life, the BOP cannot apply these credits to reduce his maximum sentence. (*Id.* ¶ 13-14.) Roberts challenges the BOP's failure to apply these Extra Good Time credits to his sentence.

### D. Framework for Good Conduct Time Credit for D.C. Offenders Such as Roberts

The District of Columbia Good Time Credits Act of 1986 (hereinafter "DCGTCA") became effective on April 11, 1987, and applies to all D.C. Code offenses committed between April 11, 1987 and June 21, 1994. (*Id.* ¶ 9); *see Hanna v. BOP*, No. 2:04CV585, 2005 WL

---

[3] As Respondent correctly notes, Roberts does not challenge the BOP's calculation of the above-listed credits.

[4] Roberts claims entitlement to 408 days of Extra Good Time. (§ 2241 Pet. 8.) Roberts fails to explain how he reaches this number.

1162519, at *3 (E.D. Va. Apr. 12, 2005); D.C. Code Ann. § 24-428 *et seq.* (1987).[5] Roberts's offense conduct occurred in 1992; thus, his sentence falls under the DCGTCA. (Woods-Coleman Dec. ¶ 9.) The DCGTCA allowed for educational good time credits and institutional good time credits against minimum and maximum sentences of eligible D.C. Offenders. *See Miller v. Clark*, No. 91-7317, 1992 WL 48031, at *1-2 (4th Cir. Mar. 16, 1992) (citing D.C. Code Ann. §§ 24-428 and 24-429); *Moss v. Clark*, 886 F.2d 686, 688 (4th Cir. 1989). The DCGTCA contained no provision for awarding Extra Good Time credit to inmates. *See Feaster v. Federal Bureau of Prisons*, No. CV-11-0453-TUC-JGZ (BPV), 2014 WL 4322402, at *1 n.1 (D. Ariz. Sept. 2, 2014)).[6]

On August 5, 2008, the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 ("Revitalization Act") was enacted. It required the D.C. felony inmate population to be transferred to a correctional facility operated or contracted for by the BOP. (*See* Woods-Coleman Decl. ¶ 11; D.C. Code Ann. § 24-101(a)-(b).) The act also provides that "'such persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed.'" D.C. Code Ann. § 24-101(a)-(b)). The Revitalization

---

[5] Section 24-428 of the D.C. Code was repealed effective June 22, 1994 for offenses occurring on or after that date, and was replaced by the Omnibus Criminal Justice Reform Amendment Act of 1994 (hereinafter "Omnibus Reform Act"), D.C. Law 101-151, codified at D.C. Code Ann. § 24-221.01 *et seq. Anderson v. Holder*, No. JFM-13-570, 2013 WL 4562130, at *1 n.2. (D. Md. Aug. 27, 2013); *see Glascoe v. United States*, 358 F.3d 967, 969 (D.C. Cir. 2004). Roberts's offense date was in 1992; thus, section 24-248 of the D.C. Code still applies to his sentence computation. *See* BOP Program Statement P5880.33, District of Columbia Service Computation Manual § 12.1.

[6] The Omnibus Reform Act created discretionary Meritorious Good Time credit for D.C. offenders who committed offenses after June 22, 1994. *See Feaster*, 2014 WL 4322402, *1 n.1, *5-6. As previously explained, the Omnibus Reform Act does not apply to offenders such as Roberts. *Id.*

Act also made the BOP responsible for computing the sentences of D.C. offenders housed in the BOP. (Woods-Coleman Decl. ¶ 11.)

Pursuant to BOP Program Statement P5880.33, District of Columbia Service Computation Manual (hereinafter "BOP Program Statement P5880.33"), the BOP also awards meritorious good time credit, also called "Extra Good Time" credit, to eligible D.C. Code offenders who committed offenses prior to June 22, 1994. (*Id.* ¶ 12 (citing Attach. 9, at 1-2); *see Hughes v. Sabol*, No. 09-cv-40053-MLW, 2010 WL 2640171, at *4 (D. Mass. June 26, 2010) (citing 18 U.S.C. § 4162; BOP Program Statement 5880.31, § 11.3.) The BOP applies this Extra Good Time credit pursuant to the provisions of the federal good time statute, 18 U.S.C. § 4162.[7] (Woods-Coleman Aff. ¶ 12 (citing Attach. 9, at 1-2)); *see Hughes*, 2010 WL 2640171, at *4. Unlike provisions of the DCGTCA, which applies credits to minimum and maximum sentences, Extra Good Time under 18 U.S.C. § 4162, and the federal good time system generally, reduce only the *maximum* term of imprisonment for eligible offenders. *See Hughes*, 2010 WL 2640171, at *4 (citing 28 U.S.C. §§ 4161, 4162, 4164; *McCray v. United States Bd. of Parole*, 542 F.2d 558, 560 (10th Cir. 1976)); (Woods-Coleman Decl. ¶ 14).

E. **Analysis**

As of November 17, 2014, Roberts had earned a total of 506 days of Extra Good Time while in BOP custody (not while in D.C. custody) pursuant to 18 U.S.C. § 4162. (Woods-

---

[7] That statute provides, in relevant part: "In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations...." 18 U.S.C. § 4162. This statute was repealed effective November 1, 1987, but the BOP apparently continues to award federal Extra Good Time under this statute for some individuals whose conduct occurred after its repeal. *See Feaster*, 2014 WL 4322402, at *1 n.1 (citing Program Statement 5880.33 § 11.4; 18 U.S.C. § 4162); *Hughes*, 2010 WL 2640171, at *4 (stating that § 4162 applies to D.C. Code offenders in BOP custody who committed offenses prior to June 22, 1994); *Kinard v. O'Brien*, No. 7:07cv-00601, 2008 WL 2095112, at *4 (W.D. Va. May 16, 2008); *cf. Moss*, 886 F.2d at 689 n.3.

Coleman Decl. ¶ 13.) Roberts asserts that the BOP erred by failing to apply this Extra Good Time to his minimum sentence. (§ 2241 Pet. 8.) However, contrary to Roberts's assertion, the BOP lacks the authority to apply these Extra Good Time credits to either his minimum sentence or maximum sentence.

The BOP assessed Roberts's Extra Good Time credit under the federal good time statute pursuant to 18 U.S.C. § 4162, not under D.C. law. (Woods-Coleman Decl. ¶ 13 (citing Attach. 10, at 1)); *see* BOP Program Statement 5880.33 § 11.4. Extra Good Time credits awarded pursuant to 18 U.S.C. § 4162 apply only to maximum sentences. *See Hughes*, 2010 WL 2640171, at *4; *Feaster*, 2014 WL 4322402, at *1 n.1, 6; *cf. Moss*, 886 F.2d at 688 (explaining that "[u]nder the federal good time system the [BOP] applies good time credits to the prisoner's maximum sentence which moves the mandatory release date forward, but does not affect the minimum term required to be served before an inmate becomes eligible for parole" (citing 18 U.S.C. § 4161))); *Fields v. Keohane*, 954 F.2d 945, 947-48 & n.3 (3d Cir. 1992).[8] Thus, the 506 days of federal Extra Good Time that Roberts has earned may not reduce his minimum sentence. *See Hughes*, 2010 WL 2640171, at *4; *Feaster*, 2014 WL 4322402, at *1 n.1.

Roberts also lacks entitlement to the application of the Extra Good Time credits to his maximum sentence. Roberts received a maximum sentence of life under D.C.'s indeterminate sentencing structure. Extra Good Time credits do not apply to Roberts's maximum sentence of life because "imprisonment for life supplies no fixed term from which to deduct good time credits; the length of the sentence is indefinite." *Glascoe*, 358 F.3d at 969-70 (citations omitted);

---

[8] As previously explained, the DCGTCA contained no provision for Extra Good Time. While 18 U.S.C. § 4162 was repealed in 1987, and would seemingly not apply to an offender such as Roberts whose offense conduct occurred in 1992, the precise statute under which this Extra Good Time has been awarded is not dispositive. The BOP clearly is awarding Roberts Extra Good Time under the federal system for time served in the BOP. But the federal system only applies credits to maximum sentences. Thus, Roberts lacks entitlement to have Extra Good Time credit applied to his minimum sentence.

see *Escamilla v. Outlaw*, 335 F. App'x 382, 384 (5th Cir. 2009); *Upshur v. United States Parole Comm'n*, No. 7:10-00127-HRW, 2011 WL 4345866, at *3 (E.D. Ky. Sept. 15, 2011) (citing *Escamilla v. Outlaw*, No. 1:06-CV-81, 2008 WL 686707, at *4 (E.D. Tex. Mar. 10, 2008); *Robinson v. Clark*, 278 F. Supp. 559, 560 (N.D. Ga. 1967)); *Hughes*, 2010 WL 2640171, at *4; *Kinard*, 2008 WL 2095112, at *4 (citations omitted). Because Roberts's life sentence precludes him from receiving Extra Good Time credits applied to his maximum sentence or his minimum sentence, he fails to demonstrate that the BOP has improperly computed his sentence.

### F. Conclusion

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED, Roberts's claim be DISMISSED, and the § 2241 Petition be DENIED.

Roberts is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Roberts and counsel for Respondent.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: May 22th, 2015
Richmond, Virginia